The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: WASHINGTON MUTUAL MORTGAGE BACKED SECURITIES LITIGATION<br><br>This Document Relates to: ALL CASES | Master Case No.: C09-0037 (MJP)<br><br><u>CLASS ACTION</u><br><br>AMENDED ORDER FOR NOTICE AND HEARING |

WHEREAS, a consolidated class action is pending before this Court entitled *In re: Washington Mutual Mortgage Backed Securities Litigation*, No. C09-0037 (the "Action"); and

WHEREAS, the Court has received the Stipulation of Settlement dated September 4, 2012 (the "Stipulation"), that has been entered into by Lead Plaintiff Policemen's Annuity Benefit Fund of the City of Chicago, Lead Plaintiff Doral Bank OF Puerto Rico and Plaintiff Boilermakers National Annuity Trust (collectively, "Plaintiffs") and defendants WaMu Asset Acceptance Corp. ("WMAAC"), WaMu Capital Corp. ("WCC"), David Beck, Diane Novak, Rolland Jurgens, and Richard Careaga (together, the "Defendants"). Defendants and Plaintiffs are the "Parties";

WHEREAS, the Parties, having applied for an order determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation entered into by the Parties, and for the ultimate final approval of the Settlement and

dismissal of the Action as against the Defendants upon the terms and conditions set forth in the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation, IT IS HEREBY ORDERED that:

1. The Court, for purposes of this Order for Notice and Hearing, adopts all defined terms as set forth in the Stipulation.

2. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3. Lead Counsel is hereby authorized to retain the firm Garden City Group, Inc. ("GCG") as Claims Administrator to supervise and administer the notice and claims procedures.

4. The Court preliminarily approves the Settlement as set forth in the Stipulation and the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness and adequacy of their representation by Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

5. A hearing (the "Settlement Fairness Hearing") shall be held on January 11th, 2013 at 9:00 a.m., in the United States District Court for the Western District of Washington in Courtroom 14206, 700 Stewart Street, Seattle, Washington, 98101, the Honorable Marsha J. Pechman presiding, to:

a. determine whether the Settlement should be approved by the Court as fair, reasonable and adequate;

b. determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Settled Claims and Settled Defendants' Claims (as defined therein);

c. determine whether the Plan of Allocation should be approved;

d. rule on Lead Counsel's application for an award of attorney's fees and the reimbursement of expenses; and

e. rule on such other matters as the Court may deem appropriate.

6. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorney's fees and reimbursement of expenses, without further notice to Class Members. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

7. The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

8. The Claims Administrator shall make reasonable efforts to identify all persons and entities who are members of the Class, including beneficial owners whose Certificates are held by banks, brokerage firms, or other nominees. To the extent not already provided, Defendants shall provide to Lead Counsel within (5) business days of the entry of this Order the information from Defendants' transfer records required by the Claims Administrator to send copies of the Notice to members of the Class who can be identified through reasonable efforts from those transfer records.

9. Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice (substantially in the form of Exhibit 1) and Proof of Claim (substantially in the form of Exhibit 2) to be mailed by United States mail, postage prepaid, to all members of the Class, at their last known address appearing in the transfer records

maintained by or on behalf of Defendants, and to identifiable nominees for Class Members. The thirtieth (30th) day after the entry of this Order shall be termed the "Notice Date."

10. Pursuant to the Notice, each nominee shall either: send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members named on the list received from the nominee within ten (10) calendar days of the receipt of such information. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

11. Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a Summary Notice, substantially in the form of Exhibit 3, once in the *Investor's Business Daily*, and shall post the full Notice and any other appropriate documents on a website concerning the Settlement. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

12. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice

and fully satisfies the requirements of due process and Fed. R. Civ. P. 23.

13. Any member of the Class who objects to the Settlement, the representation of the Class by Lead Counsel, and/or the application for attorney's fees and reimbursement of expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless at least fourteen (14) calendar days before the Settlement Fairness Hearing such person or entity files with the Court and delivers to counsel listed below: (a) a written notice of intention to appear; (b) a statement of such person's or entity's objection(s) to any matters before the Court; (c) the grounds therefor or the reasons that such person or entity desires to appear and be heard, as well as all documents or writings such person or entity desires the Court to consider; and (d) documents evidencing that such person is a Class Member. Such filings shall be served upon the Court and the following counsel so that they are received at least 14 calendar days before the Settlement Fairness Hearing:

*Plaintiffs' Lead Counsel*:

Steven J. Toll, Esq.
Joshua S. Devore, Esq.
Christopher Lometti, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Anne L. Box, Esq.
John T. Jasnoch, Esq.
Scott+Scott LLP
707 Broadway, Suite 1000
San Diego, CA 92101

*Counsel for Defendants WaMu Capital Corp. and WaMu Asset Acceptance Corp*:

Evan R. Chesler, Esq.
Daniel Slifkin, Esq.
Michael A. Paskin, Esq.
Wes Earnhardt, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Counsel for Defendants*:

David M. Balabanian, Esq.
John D. Pernick, Esq.
Frank Busch, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

14. Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or Lead Counsel's application for an award of attorney's fees and reimbursement of expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the judgment(s) / order(s) to be entered approving the Settlement, the Plan of Allocation or Lead Counsel's application for an award of attorney's fees and reimbursement of expenses.

15. The Court previously certified the Class in this action by Order dated October 21, 2011. In connection with certifying the Class, the Court afforded all putative members of the Class an opportunity to opt out and pursue their claims individually. Because persons who elected to remain members of the Class would reasonably have been aware that this action might proceed to judgment or, alternatively, be settled, Class Members should not be afforded a second opportunity to opt out of the Class. Any Class Member who is dissatisfied with the terms of the Settlement has the right to file an objection.

16. Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred and fifty (150) calendar days following the Notice Date. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a

manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation (notarization not required) that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

17. If this Settlement is not approved by the Court or does not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), may be terminated as provided for in the Stipulation and shall become void and of no further force and effect except for the Lead Plaintiffs' obligations to pay for any expense incurred in connection with the notice and administration provided for by this Order.

18. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing or prosecuting any action asserting any claims that are or relate in any way to the Released Claims as defined in the Stipulation.

19. Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Plaintiffs, the Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, or as to the strength or weakness of any claim or defense, and shall not be offered or received in evidence in any action or

proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, any present or former certificate holder, or any other person or entity, has or has not suffered any damage.

20. Any submission to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Lead Counsel's application for an award of attorney's fees and reimbursement of expenses, shall be filed no later than twenty-one (21) calendar days before the date scheduled for the Settlement Fairness Hearing.

21. Any response to any timely-filed objection to the Settlement, Plan of Allocation or application for an award of attorney's fees and reimbursement of expenses shall be filed no later than seven (7) calendar days before the date scheduled for the Settlement Fairness Hearing.

22. The Court authorizes payment out of the Settlement Fund of the expenses described in ¶ 8 of the Stipulation.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No person or entity that is not a Class Member or counsel for the Lead Plaintiffs shall have any right to any portion of, or interest in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

SIGNED this 19th day of September 2012.

Marsha J. Pechman
Chief United States District Judge